IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JOHNNY RAY MAGEE                                                                              PLAINTIFF

V.                                                                  CIVIL ACTION NO.4:10CV147-WAP-JAD

ROBERT STURDIVANT, et al.                                                              DEFENDANTS

**REPORT AND RECOMMENDATION**

On the 24th day of February, 2011, plaintiff, an inmate of the Mississippi Department of Corrections, appeared before the court via video conference for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983.

Magee alleges that Lt. Robert Sturdivant and officers Gordy Montgomery and William Cole beat him up on March 28, 2010 in Unit 29 at the Mississippi State Penitentiary. He asserts that he was beaten because of an earlier argument with Montgomery when he admittedly cursed the officer. He alleges he suffered injuries including broken ribs and a broken nose which required medical treatment. As to these three defendants a process order shall issue.

Magee has also named James Brewer as a defendant seeking to assert that he failed to properly supervise Sturdivant. Brewer has no vicarious liability in § 1983 actions for the conduct of others, whether they be his supervisors, co-workers or subject to his supervision. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed. 611(1978). At the hearing Magee stated that there was an earlier incident where he claimed that Sturdivant attacked him in 2008 and that Brewer was aware of that incident. This fact standing alone does not state a claim against Brewer.

Magee has also named Dr. Dennis Gregory as a potential defendant. Gregory is the health care services administrator and has general responsibility for the provision of medical care. While Magee states that he was provided with initial care, he complains about the failure to provide care when he discovered that his nose was allegedly broken. He saw one medical provider who advised him that the nose could be straighten by being reset. The nose has not been reset. Magee claims that he wrote to Gregory to complain about the medical care received. Like Brewer, Gregory does not have any liability in his capacity as a supervisor over the medical care area. *Id.* Additionally, though Magee may not be deprived of needed medical care because of the Eighth Amendment's prohibition against cruel and unusual punishment and the state has "an obligation to provide medical care for those whom it is punishing by incarceration," *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S. Ct. 285, 290, 50 L.Ed. 2d. 251, 259 (1976), neither the state nor this doctor is liable for simple carelessness, inadvertent failure to provide appropriate medical care, nor even a deliberate failure to conform to a standard suggested by experts. *Id*. at 105-109, 97 S Ct. at 291-292. Prisoners may recover only for violation of their constitutional rights. "The Constitution does not command that inmates be given the kind of medical attention that judges would wish to have for themselves, nor the therapy that Medicare and Medicaid provides for the aged or the needy." *Barksdale v. King*, 699 F.2d 744, 748 (5th Cir. 1983). The Constitution only prohibits "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106, 97 S. Ct. at 292. Only this level of indifference can amount to "unnecessary and wanton infliction of pain." *Id.* at 105, 97 S. Ct. at 291, (quoting *Gregg v. Georgia*, 428 U.S. 153, 182-183, 96 S. Ct. 2909, 2925, 49 L.Ed. 2d 859 (1976)). "It is only such indifference that can offend 'the evolving standards of decency' in violation of the Eighth Amendment." *Estelle,* 429 U.S. at 106, 97 S.Ct. at

292. Magee's complaint admits that he received medical attention for the alleged broken nose, just not the treatment he desires. Therefore, Magee has not stated a claim for denial of medical care against Gregory or any medical provider.

Accordingly it is recommended that the defendants Brewer and Gregory be dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteenn days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 25th day of February, 2011.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE